**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAMAKA NDEGE,<br><br>    Plaintiff,<br><br>vs.<br><br>SKANSKA USA BUILDING INC.,<br><br>    Defendant. | Civil Action No. 1:22-cv-04420 (JGK)<br><br>**STIPULATED CONFIDENTIALITY,<br>PROTECTIVE AND CLAWBACK<br>ORDER** |

  Plaintiff Samaka Ndege ("Ndege" or "Plaintiff") and Defendant Skanska USA Building Inc. ("Skanska" or the "Company" or "Defendant") by and through their undersigned counsel of record, hereby agree to the following Stipulated Confidentiality, Protective and Clawback Order ("Protective Order"):

  **WHEREAS**, the parties agree that a protective order is necessary to limit the review, copying, dissemination and use of confidential and/or proprietary documents and information which may be produced by either party and their respective counsel, or by any non-party, in the course of discovery in this proceeding; and

  **WHEREAS**, both parties may be required to produce large volumes of documents and information and the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the documents and information produced, including as against third parties and other Federal and State proceedings, and, in addition to their agreement, need the additional protections of a Court Order under Rule 502(d) and (e) of the Federal Rules of Evidence ("FRE") to do so; and

-2-

**WHEREAS**, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of documents and information that have been subject to minimal or no attorney review, and this Protective Order is designed to foreclose any arguments that by making such production, the disclosure or production of such documents or information subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege: (a) was not inadvertent by the producing party; (b) that the producing party did not take reasonable steps to prevent the disclosure of privileged documents or information; (c) that the producing party did not take reasonable or timely steps to rectify such production; and/or (d) that such production acts as a waiver of applicable privileges or protections associated with such documents or information.

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

**1.** **Definitions**. As used herein, the following terms shall be defined as follows:

(a) "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of the foregoing.

(b) "Confidential Information" shall mean all documents and information designated, in good faith, as confidential (including any testimony, discovery responses, communications or data), if such documents or information contain:

(i) trade secrets or proprietary or confidential business information concerning Skanska, including, but not limited to, documents or information related to Skanska's costs, profits, markets, or sales, financial statements, records or data, insurance coverage, customers or vendors, or policies or procedures;

(ii) sensitive personal information concerning Plaintiff, including medical records, records containing social security numbers, addresses, telephone numbers, account numbers or other sensitive or personal information; or

(iii) sensitive personal information concerning any of Skanska's current or former employees or any third parties, including, but not limited to, medical records, payroll or compensation records, performance, disciplinary or investigation records, or records containing social security numbers, addresses, telephone numbers, demographic information or other sensitive or personal identifying information;

(iv) confidential or proprietary business information concerning any of Skanska's customers, clients and/or retailers or any third parties, including but not limited to, costs, profits, markets, or sales, financial statements, records or data, insurance coverage, customers or vendors, or policies or procedures.

(c) "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

**2.     Method of Designating Documents and Information as Confidential**.  Any party may designate ("Designating Party") any Discovery Materials as Confidential Discovery Material in the following manner:

(a) Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether

-3-

or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material either by:

(i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information; or

(ii) if a document is produced not marked "Confidential," but later determined to be, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

(b) With respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony.  Counsel for the party-deponent shall affix the word "Confidential" to the first page and all subsequent pages of the original transcript that contain designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript.  Only those portions of each transcript designated as "Confidential" in this action shall be deemed Confidential Discovery Material.  All transcripts of depositions or other pre-trial testimony shall be deemed to be Confidential Discovery Material until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness, or until the parties agree that the testimony is not confidential, whichever period is shorter.

(c) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the producing party and parties may designate such material as Confidential Discovery Material

by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

(d) Any Discovery Materials already produced may be designated as Confidential Discovery Material by providing written notice of the same to all parties within thirty (30) days after the execution of this Stipulation. The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 2 of this Protective Order shall not constitute a ruling by the Court that those materials actually contain Confidential Information.

3. **Use and Disclosure of Confidential Discovery Material**. Confidential Discovery Material and all copies thereof:

(a) Shall be used solely for the purpose of this litigation and not for any business, other litigation or other purpose.

(b) Shall be disclosed only to the following qualified recipients:

(i) the Court;

(ii) attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Protective Order;

(iii) parties to this action, including, with respect to Skanska, any Skanska employees actually engaged in assisting Skanska or its counsel in this action;

(iv) persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including, but not limited to, independent

accountants, statisticians, economists, and other experts, none of whom shall be competitors or employees of competitors of defendant), but only after each such person has reviewed this Protective Order with the assistance of an attorney of record who has explained this Protective Order to each such individual and the individual has executed the form annexed hereto as **Exhibit A**;

(v) an officer before whom a deposition is taken, including stenographic reporter(s) or videographer(s) undertaking their duties in a deposition or other occasion where testimony is recorded in this proceeding;

(vi) deponents, during the course of their depositions or in preparation for being called to testify at deposition in this action;

(vii) trial witnesses, in preparation for being called to testify at trial in this action or at trial (in accordance with Paragraph 6; and

(viii) any other person agreed to by the parties, in writing.

Prior to disclosure of any Confidential Discovery Materials to the qualified persons listed in Paragraphs 3(b)(vi), (vii) or (viii), such persons shall be advised of the existence of this Protective Order, provided with a copy of this Protective Order (if requested by such person), and informed that he or she is bound by its terms and may not further disclose such Confidential Discovery Materials other than pursuant to the terms of this Protective Order.

(c) Shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such attorneys subject to an agreement of confidentiality, provided that the attorney engaging any such copying service has no reason to believe that the service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Protective Order.

4857-8710-9968.1 / 051749-1129

(d) Notwithstanding the foregoing, it is understood that it may be necessary to make disclosures to parties or non-parties of the general content of materials deemed confidential in order to investigate claims or defenses. Moreover, it may be impractical to require all such individuals to execute nondisclosure documents. Accordingly, the parties agree to work together in good faith to devise appropriate methods by which such disclosures may be made during the course of this litigation and to stipulate to appropriate modifications and exceptions to this Protective Order as occasions warrant. In the event the parties cannot come to terms regarding such disclosure, the party seeking disclosure may object to the designation pursuant to Paragraph 5.

4. **Effective and Binding.** This Protective Order shall be effective and binding on all of the qualified persons listed in Paragraphs 3(b)(ii) and (iii) immediately upon its execution by the parties' respective counsel, and on those listed in paragraph 3(b)(iv) immediately upon their execution of **Exhibit A**, whether or not this Protective Order is later endorsed by the Court. Following the Court's endorsement, this Protective Order shall be effective and binding on all other qualified persons and be enforceable as to all qualified persons through any sanction(s) deemed appropriate by the Court. This Protective Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose.

5. **Contesting Confidential Information.** If a party concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any other party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Protective Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within

ten (10) days after service of the notice, then the party objecting to the designation may, pursuant to the Federal Rules of Civil Procedure, make an application to the Court for a ruling that the document, testimony, information or material shall not be so treated as Confidential Discovery Material. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall continue to be Confidential Discovery Material under this Protective Order.

**6.     Filing and Use of Confidential Discovery Material with the Court.** Should the need arise for any of the parties to disclose Confidential Discovery Material during any hearing or trial before the Court (including through argument or the presentation of evidence) or in any filing with the Court (including in any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Discovery Materials) such party may do so only: (a) pursuant to any terms agreed to by the parties, in writing, after conferring in good faith (i.e., that this Protective Order shall not be used, cited or applied in a manner that has the effect of making filings with the Court substantially more burdensome for one party than another); or (b) if the parties cannot agree, after taking such steps as the Court, upon motion of the non-Designating Party seeking to make such disclosure, shall deem necessary to preserve the confidentiality of such Confidential Discovery Material.[1]  Any party may request the Court for a ruling and/or order that Confidential Discovery Material be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Discovery Material and, if so, what protection, if any, may be afforded to such information. Confidential Discovery Material shall not be filed or disclosed to the Court, except in accordance with this Paragraph.  In connection with any

---

[1] Absent a Court Order or written agreement by both parties, neither party is permitted to file any Confidential Discovery Material with the Court, where such Confidential Discovery Material would be available to the public.

-8-

dispositive motions, the Producing Party or Designating Party shall be obligated to meet and confer with the Receiving Party or non-Designating Party no less than ten (10) days in advance of the filing of such motion-related papers in order to identify the specific information and documents that would be required to be redacted and/or filed under seal, in order to allow sufficient time to effect such alterations to the documents and/or allow for the Court to resolve any related disputes or questions.

7. **Return of Confidential Information.** All Confidential Information shall be returned as follows:

(a) Upon the earlier of (1) expiration of the applicable limitations period for legal malpractice claims, or (2) three and a half years from the date of full and final resolution of this action, and subject to sub-paragraphs (b) through (f) below, all Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing party. In the alternative, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all such Confidential Information, including any and all copies (apart from a single electronic file copy to be maintained only by counsel for the parties in a separate file marked "Not to be produced or disclosed without reasonable advance notice to the producing party's counsel"), summaries, and readable reports or output based on the Confidential Information, have been destroyed.

(b) At the conclusion of this litigation, and during the time period outlined in subpart (a), the Confidential Information shall be stored and only used or accessed by the receiving party in connection with the defense of a legal malpractice action, brought by a party in this action, subject to the terms of this Protective Order.

(c)     If Confidential Information is furnished to outside experts or consultants pursuant to Paragraph 3, the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (a) above.

(d)     If Confidential Information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential Information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed in accordance with legal industry wiping standards.

(e)     Counsel of record for the parties may retain copies of any part of the Confidential Information produced by others that has become part of the official record of this action, as well as abstracts or summaries of materials that reference Confidential Information that contain counsel's mental impressions or opinions.  Such copies shall remain subject to the terms of this Protective Order.

(f)     The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential Information to the extent such information is:

(i)     stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes; or

(ii)    only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information is

not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Protective Order.

Notwithstanding the foregoing, it shall not be a violation of this Protective Order for a party to continue to retain Confidential Information where the retention of which is required by law.

8. **No Waiver of Objections or Need for Further Protections.** By stipulating to this Protective Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Protective Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information.

9. **No Waiver of Confidentiality.** The inadvertent or unintentional disclosure by either party of Confidential Information that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Protective Order because it did not treat that information as confidential between the time it was disclosed and the time that the party that disclosed it notified the other party that such information is Confidential Information.

10. **No Waiver of Privilege.**

(a) The disclosure or production of documents or information by a producing party subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such documents or information.

(b)  The disclosure or production of any document or information in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document or information as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)  If, during the course of this litigation, a party determines that any document or information produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i)  The receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered material believed to be privileged or protected; (C) specifically identify the Protected Document (including by Bates number range or hash value, as applicable) and, (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Document, along with any notes, abstracts or compilations of the content thereof.  To the extent the Court ultimately orders destruction of a Protected Document and that Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or sequestered, they shall not be reviewed, disclosed, or otherwise used by the receiving party.  Notwithstanding the foregoing, the receiving party is under no obligation to search or review the producing party's documents and information to identify potentially privileged or work product Protected Documents.

(ii)  If the producing party intends to assert a claim of privilege or other protection over documents or information identified by the receiving party as Protected

Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

        (d)     If, during the course of this litigation, a party determines it has produced a Protected Document:

        (i)     The producing party may notify the receiving party of such production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The producing party's written notice will identify the Protected Document produced (including by Bates number range or hash value, as applicable), the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party, a redacted copy of the material that omits the information that the producing party believes is subject to a claim of privilege or other protection.

        (ii)     The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected

Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in above, then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its production, it must take reasonable steps to retrieve it.

(f) The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

(i) The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii) The disclosure of the Protected Documents was not inadvertent;

(iii) The producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv) The producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve

the Protected Documents until such claim is resolved.  The receiving party may not use the Protected Documents for any purpose absent this Court's order.

(h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j) Once executed by all parties, this Protective Order shall be treated by the parties as an Order of Court until it is formally approved by the Court.

(k) By operation of the parties' agreement and this Court's Protective Order, the parties are specifically afforded the protections of FRE 502(d) and (e).

**11.    Miscellaneous.**  This Protective Order may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Protective Order shall be acceptable in any action against that party to enforce this Protective Order.  The terms of this Protective Order shall survive and remain in full force and effect after the termination of this action.

DATED: February 28, 2023

SO STIPULATED:

By: _____  
**CRUMILLER, P.C.**  
Chloe Liederman  
Travis Pierre-Louis  
16 Court Street, Suite 2500  
Brooklyn, NY 11241  
(212) 390-8480

*Attorneys for Plaintiff*

By: _____  
**LITTLER MENDELSON, P.C.**  
Amber M. Spataro  
Marlie P. Blaise  
One Newark Center, 8th Floor  
Newark, NJ 07102  
(973) 848-4700

*Attorneys for Defendant*

**SO ORDERED** this 14th day of March, 2023

_____  
Gabriel W. Gorenstein, U.S.M.J.

4857-8710-9968.1 / 051749-1129

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAMAKA NDEGE,<br><br>                 Plaintiff,<br><br>vs.<br><br>SKANSKA USA BUILDING INC.,<br><br>                 Defendant. | Civil Action No. 1:22-cv-04420<br><br><br>**AGREEMENT TO PROTECT**<br>**CONFIDENTIAL INFORMTION AND**<br>**CONSENT TO PROTECTIVE ORDER** |

      I, the undersigned, hereby state as follows:

      1.      I have received and read a copy of the Stipulated Confidentiality, Protective and Clawback Order (the "Protective Order") entered in the above-captioned action.

      2.      It has been explained to me by _____ (Attorney) that I am being shown materials that are subject to the Protective Order.   The attorney listed above has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

      3.      I specifically agree to abide by, and hereby consent to, the obligations and conditions set forth in the Protective Order including, but not limited to, the conditions that I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of the above-captioned proceeding, any protected materials and Confidential Information, as defined in the Protective Order, which I have received or to which I have been given access.

4857-8710-9968.1 / 051749-1129

4. I further subject myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of proceedings relating to my performance under, compliance with, or violation of said Protective Order.

Dated: _____

Signed:_____

Name: _____