

August 7, 2023

*VIA ECF*
Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      RE: *Samaka Ndege v. Skanska USA Building Inc.*
           Case No. 22-CV-04420 (JGK)(GWG)

Dear Judge Gorenstein,

      This firm represents Plaintiff in the above-captioned employment discrimination matter. Pursuant to Local Rule 37.2, Your Honor's Individual Practices 2(A), Plaintiff files this letter motion to respectfully request an Order compelling Defendant to produce documents subject to discovery. The Parties met and conferred regarding these disputes by telephone on May 5 and July 11, 2023, for approximately two hours combined. Chloe Liederman and I attended the conferences on behalf of Plaintiff; Marlie Blaise attended on behalf of Defendant. Following the conferences, the Parties were not able to resolve these disputes, and we therefore informed defense counsel of our intention to file the instant application.

      In addition, Plaintiff, with Defendant's consent, respectfully request the Court's *in camera* review of three documents, namely email communications between Defendant's agents regarding Plaintiff's disability-related accommodation requests. Defendant consents to *in camera* review of these emails but claims these are attorney-client privileged communications.

      By way of context, Plaintiff was the only Black, female engineer out of 250 engineers in her workplace[1] and was assigned to work on Defendant's Moynihan Train Hall Project (the "Project"). Defendant treated her disparately, and worse, than her non-Black and/or male engineer counterparts and Plaintiff made numerous complaints of discrimination to her supervisor regarding same. Eventually, Plaintiff sent a formal written discrimination complaint to Skanska's General Counsel. Five days later, Skanska terminated Plaintiff.

---

[1] Further, she was one of only about five Black engineers, and one of about 20 female engineers out of 250.

22-CV-04420 (JGK)(GWG)

### I. This Court Should Compel Defendant to Produce Comparator Information.

In this disparate treatment case, Plaintiff made numerous requests for documents and information concerning other Skanska engineers whom Plaintiff alleges received more favorable treatment with respect to promotions, benefits and privileges, support, and access to resources. Defendant made boilerplate objections and unilaterally narrowed its response only to engineers who worked on the Project. During the parties' May 5 meet and confer, Plaintiff stated that engineers outside of her Project shared her title, responsibilities, benefits, and obligations, and there was no basis to limit review only to her Project. Defendant did not deny this but nonetheless maintained that only engineers in Plaintiff's specific Project constitute proper comparators. In an effort of compromise, Plaintiff narrowed her requests to engineers who shared Plaintiff's job title. Defendant rejected this offer. Plaintiff further narrowed her requests to employees who shared her title in Defendant's New York City offices. During the Parties' July 11 meet and confer, Defendant rejected this offer and stated that they would not negotiate the scope of the search for comparators.

It is well-established that an employee is similarly situated if they are (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct. *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). A plaintiff need only show a reasonably close resemblance of the facts and circumstances between her and her comparators; she need not demonstrate their circumstances as identical. *Id.*; *See also Burgher v. Aclara Smart Grid Sols.*, 21 CV 6045 (DG)(RML) (E.D.N.Y. Feb. 13, 2023); *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) ("[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical."). Indeed, employees need not even share the same supervisor in order to be similarly situated. *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53-54 (2d Cir. 2001) (reversing SDNY finding that similarly situated employees must have the same supervisor, and explaining: "A plaintiff is not obligated to show disparate treatment of an identically situated employee.")

Defendant's argument that these are improper comparators misunderstands the purpose of discovery: "the purpose of discovery here is, in part, to help identify the universe of proper comparators." *Vuona v. Merrill Lynch & Co.*, No. 10 Civ. 6529, 2011 WL 5553709, at *4 (S.D.N.Y. Nov. 15, 2011); *see also Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753 (6th Cir. 2012) ("The refusal of a defendant to disclose requested comparator information denies plaintiff the opportunity to determine whether the evidence actually reveals comparator status and different treatment, critical elements of the claim that the trier of fact must determine.") Here, Plaintiff seeks discovery regarding engineers who worked outside the Project, but within New York City, and also shared her job title, responsibilities, benefits, obligations, and the same human resource channels that Plaintiff utilized to report discrimination and retaliation. While perhaps not identical, these employees are similarly situated. Defendant is improperly withholding this information to limit Plaintiff's review of comparators.

Accordingly, Plaintiff asks that the Court compel Defendant to identify and expand its search for responsive documents to all engineers who held Plaintiff's job title in New York City during the time of her employment.

II. **This Court Should Compel Defendant to Identify Promoted Employees and Produce their Resumés.**

In this case, Plaintiff asserts a claim of failure to promote based on race and gender. Plaintiff therefore requested documents concerning three rounds of promotions which occurred in or about March 2018, March 2019, and June 2020, respectively. In each of these promotion cycles, Defendant failed to promote Plaintiff and promoted her lesser-performing white and/or male counterparts instead. Plaintiff further requested Defendant identify all employees promoted and produce their personnel files so that she could compare her record of employment to theirs. Defendant made boilerplate objections and refused to produce responsive documents. In an effort of compromise, Plaintiff narrowed her request to documents sufficient to show who was promoted during these three rounds of promotions, as well as copies of their resumés. Defendant bizarrely responded that Plaintiff had never alleged any failure to promote, and documents related to promotions were therefore irrelevant. During the Parties' July 11 meet and confer, Plaintiff clarified that she did, in fact, assert failure to promote and that this claim is detailed in her Complaint. *See* Compl. Dkt. No 1, ¶¶ 1, 16-17, 26-29, 55-56, 75-77, and 100-107. Defendant responded that irrespective of any claim of failure to promote, they would not produce responsive documents.

Relevance is "construed broadly to encompass any matter that bears on… any issue that is or may be in the case.'" *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Information about promotions Plaintiff alleges she was discriminatorily denied is clearly relevant to her failure to promote claim. Furthermore, the qualifications of the promoted employees are relevant to motive and intent. If an employer refuses to select a better qualified candidate for promotion, a factfinder can legitimately infer "some other strong consideration, such as discrimination." *U.S. v. City of New York*, 713 F. Supp. 2d 300, 319 (S.D.N.Y. 2010). "For this reason, an inference of discrimination cannot emerge until *after Plaintiff's qualifications are compared against the promoted employees*." *Anyanwu v. City of New York*, 2013 U.S. Dist. LEXIS 132138, *1 (S.D.N.Y. Sept. 16, 2013) (emphasis added); *see also Wheeler v. Bank of N.Y. Mellon*, 2018 U.S. Dist. LEXIS 131456, *19 (N.D.N.Y. Aug. 6, 2018) (Finding "comparative qualifications" necessary for the Court to "determine whether … promotions give rise to an inference of discrimination"). Defendant's baseless and blanket withholding of such information improperly deprives Plaintiff information to which she is entitled, and which is essential in proving her claim of failure to promote.

Accordingly, Plaintiff respectfully requests the Court compel Defendant to produce documents sufficient to identify all employees promoted in or about March 2018, March 2019, and June 2020, as well as copies of the resumes for all promoted employees.

We thank the Court in advance for its consideration of this letter motion.

Sincerely,

Travis Pierre-Louis