

# CRUMILLER P.C.

November 17, 2023

*VIA ECF*
Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

## MEMORANDUM ENDORSED

RE: *Samaka Ndege v. Skanska USA Building Inc.*
  Case No. 22-CV-04420 (JGK)(GWG)

Dear Judge Gorenstein,

This firm represents Plaintiff in the above-captioned employment discrimination matter. Plaintiff writes respectfully pursuant to Local Rule 37.2 and Your Honor's Individual Practices 2(A), to request (1) a pre-motion conference to compel Defendant to produce responsive documents, specifically additional discovery regarding Plaintiff's termination and a broadened set of comparators,[1] and (2) an extension of fact discovery until February 9, 2024. The parties met and conferred regarding these disputes by telephone on November 16, 2023, for approximately thirty-five minutes. I attended the conference on behalf of Plaintiff; Amber Spataro and Marlie Blaise attended on behalf of Defendant. As this conference did not resolve the disputes, I informed defense counsel during the conference of our intention to file the instant application.

Plaintiff seeks the extension based on disputes outlined in this letter, as well as Defendant's recent admission that a server error caused documents to be produced in an altered and/or incomplete form. During the meet and confer, Defendant stated that they believed these documents to be permanently destroyed but stated that they would conduct an additional search to determine if these documents can be recovered. Plaintiff is unable to complete her depositions until Defendant corrects this error.

By way of context, Plaintiff was the only Black, female engineer out of 250 engineers in her workplace, who was assigned to work on the Moynihan Train Hall Project (the "Project"). Plaintiff was treated differently, and worse, then her nonblack and/or male coworkers in a number of ways. Plaintiff made numerous complaints of discrimination to her supervisors, to no avail. Eventually, Plaintiff sent a formal written discrimination complaint to Cruz. Five days later, Defendant terminated Plaintiff.

---

[1] On November 1, 2023, Plaintiff emailed Defendant requesting a meet and confer on these issues. Defendant did not respond, so, on November 3 and 7, 2023, Plaintiff followed up. On November 7, Defendant refused to meet and confer pursuant to Your Honor's rules, stating it had "nothing [to] share with [Plaintiff] on a phone call" and would only discuss the matter by email.

22-CV-04420 (JGK)(GWG)

## I.    The Court Should Compel Additional Discovery

### a.   This Court Should Compel Defendant to Produce Documents Related To Plaintiff's Termination

Defendant initially asserted as its principal defense Plaintiff's employment was terminated "as a result of changes in the labor market due to COVID-19." *See* Answer (Dkt. No. 8) ¶ 106. Defendant more recently claimed that, due to the pandemic, it ceased the sponsorship of all visa applications and renewals.  Plaintiff therefore requested documents related to the decision to not renew Plaintiff's visa and terminate her. Specifically, Plaintiff made the following requests:

> Document Demand No. 72 seeks all documents "concerning Defendant's decision to stop sponsoring Plaintiff's work visa";

> Document Demand No. 73 seeks all documents "concerning Defendant's decision to cease the sponsorship of Visa applications and renewal around the time of Plaintiff's termination";

> Document Demand No. 81 seeks all documents "concerning the termination and/or furlough of any other employee from June 1, 2020 through November 30, 2020";

> Interrogatories Nos. 5 & 6 requested the identify of all employees terminated and furloughed in or around Summer 2020; and

> Interrogatories Nos. 7 & 8 requested the identity of all employees considered for termination or furlough in or around Summer 2020, who were not actually terminated or furloughed.

Defendant refused to respond to these demands and inaccurately cited them as vague, seeking irrelevant information, overbroad.

Despite repeated requests for those documents, Defendant has failed to properly search for or produce any documents or communications related to the decision to terminate Plaintiff or Defendant's decision to cease visa renewals. On May 5, 2023, during a meet and confer, Defendant claimed it was in the process of obtaining clearance from immigration counsel to produce documents responsive to Plaintiff's requests and that a supplemental production was forthcoming. Defendant did not supplement its production until July 17, when it provided a heavily redacted, single ten-page document that did not discuss Plaintiff's termination, but rather largely reflected general guidance for handling the furlough, termination, and/or relocation of H1-B employees, a visa which Plaintiff does not hold. That same day, Defendant supplemented its response to Plaintiff's interrogatory No. 5, and asserted that because no other employee held the same visa as Plaintiff, no other employees were "terminated for the same reason," and Defendant would not identify any additional employees impacted by the pandemic.

22-CV-04420 (JGK)(GWG)

Plaintiff promptly advised Defendant its production remained woefully deficient with respect to Plaintiff's termination. Defendant responded that it would supplement its production further with relevant electronically stored information ("ESI"). Again, despite numerous follow ups by Plaintiff, Defendant did not produce ESI until September 8 and produced additional ESI on October 11.[2] Neither of these productions included any documents and/or communications related to the decision to terminate Plaintiff or Defendant's alleged decision to cease visa renewals.

On October 30, 2023, Plaintiff deposed Senior Vice President Justin Post, an individual Defendant has identified as a decisionmaker in Plaintiff's termination. At Post's deposition, he testified that a "policy" was implemented shortly before Plaintiff's termination which forbade the renewal of her visa and required her termination. However, when asked details related to the policy, including its terms and what employees were impacted, Post stated he did not recall. Post further testified that he was never instructed to search his company-issued cellphone for communications relevant to this litigation.[3]

On November 1, 2023, Plaintiff emailed Defendant requesting a meet and confer and stated that no documents had been produced reflecting this policy and that Post's phone must be searched. Defendant responded that no such written policy existed. Plaintiff responded that, regardless of whether the policy was memorialized in writing, she was entitled to all documents/communications concerning its existence, its terms, and its application to Plaintiff and any other employee. Plaintiff added that no documents reflecting the decision-making behind her termination had been produced and inquired if these documents were lost and/or destroyed. Defendant did not respond, and Plaintiff followed up on November 3 and 7. On November 7, Defendant stated it did "not believe there [were] open document issues" related to Post and refused to respond to the questions surrounding Plaintiff's termination. Because Defendant rejected Plaintiff's good faith attempt to meet and confer, she filed a motion to compel on this issue on November 8. On November 9, Your Honor denied the request and ordered the parties to meet and confer.

On November 16, during meet and confer, Defendant stated that there was no "policy" related to Plaintiff's termination, but rather Defendant relied on legal advice provided by Defendant's General Counsel Clay Haden and numerous outside counsels from Alston & Bird LLP. Defendant further stated that there were no documents specific to Plaintiff or her visa, but rather similar legal guidance applied to all employees on a work visa applied to Plaintiff Defendant could not confirm if all relevant documents related to these attorneys had been searched or produced and stated that relevant documents involving these attorneys were protected by attorney-client privilege. Plaintiff requested that a search be conducted for relevant documents produced. Defendant refused.

---

[2] This production was served the morning of HR Business Partner Leslie Kalucki's deposition. Kalucki is a key witness in this case, whom Defendant has identified as decisionmaker in Plaintiff's termination. Given Defendant's late production, Plaintiff was forced to reserve time and reschedule the remainder of Kalucki's deposition for another date.

[3] Similarly, Kalucki testified that she was never instructed to search her company-issued cell phone for communications relevant to this litigation.

22-CV-04420 (JGK)(GWG)

First, Defendant's new position that Plaintiff's was treated the same as all employees on a work visa belies its response to Interrogatory No. 5. If Defendant relied on the same legal advice in determining how all employees on a work visa were to be impacted by the pandemic, Plaintiff is entitled to compare her experience to these similarly situated employees. Defendant must identify what employees on work visas were impacted, which employees were not, and how they were impacted. *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 202-03, 206 (2d Cir. 2014) (vacating and remanding with instructions for the district court to compel discovery "concerning any position . . . eliminated as a result of a reduction in force" decision in four New York offices and all personnel files of employees in three of those offices who held the same job title as the plaintiff).

Second, Defendant's refusal to search for or produce documents involving legal counsel it purportedly relied on to terminate Plaintiff is unavailing. This defense puts these documents squarely at issue in this case. This Court has recognized the "at issue" waiver where a party asserts the subject matter of its privileged communications in support of its claim or defense. *Meskunas v. Auerbach*, 17 Civ. 9129 (VB)(JCM), at *5 (S.D.N.Y. Dec. 30, 2020). "The assertion of an 'advice-of-counsel' defense has been properly described as a 'quintessential example' of at issue waiver... the defendant who asserts an advice-of-counsel defense… is thereby deemed to have waived his privilege with respect to the advice that he received." *Id.*, at *6 (internal citations omitted). Defendant cannot use advice of counsel as a sword and a shield. If it intends to maintain this defense, it must search for and produce these documents. Similarly unavailing is Defendant's broad declaration that these documents are protected from disclosure.  Defendant cannot assert attorney-client privilege over documents it has not even reviewed. "Ultimately, the burden is on the party asserting the attorney-client privilege to establish each element of the three-part standard. Any ambiguities as to whether the essential elements have been met are construed against the party asserting the privilege." *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28 at *13 (E.D.N.Y. 2013) (internal citations omitted).

Therefore, Plaintiff respectfully requests that the Court order Defendant to search for and produce all documents related to the termination, furlough, and/or relocation of all employees on a work visa in the year 2020. Plaintiff further respectfully requests that the Court order Defendant produce all documents by or between all counsel it purportedly relied on in the termination, furlough, and/or relocation of employees on work visas during that time period.

**b.  This Court Should Compel Defendant Produce Documents Related to Comparators**

Plaintiff alleges that she was disparately treated in the form of a deprivation of resources, benefits, and promotions. Plaintiff further asserts Defendant discriminatorily placed her on a performance improvement plan ("PIP"), while she performed as well, if not better, than her engineer counterparts. Plaintiff therefore requested documents related to all engineers with her job title in the new york city area as comparators. Defendant objected and narrowed its response to engineers with Plaintiff's job title who worked on the Project. Plaintiff filed a motion to compel on this issue which was heard before Your Honor on August 21, 2023. At the Court conference, Defendant stated it "burdensome…to try and identify" proper comparators outside of the Project. Ultimately, Your Honor compelled Defendant to produce information related to all

22-CV-04420 (JGK)(GWG)

engineers with Plaintiff's job title in New York City but limited more extensive discovery to those engineers on the Project.

However, Post testified at his deposition that Defendant does not "evaluate people just by one job, [it] evaluates positions across the entire region… not limited to just a project." Post further testified:

> "What we do on an annual basis is bring in all the supervisors, the project managers that have project engineers, senior project engineers under them, and there's discussion, and all are evaluate[d] across the board. So if there's 25 senior project engineers in a region, they're all discussed and they're evaluated across the region, not by project."

(Post Dep. at 41:7-16.) When asked to clarify what the region in which Plaintiff was compared, he testified "Metro New York and New Jersey." Nonetheless, Defendant argues it does not need to "identify" comparators despite all employees with Plaintiff's job title in her region being compared for purposes of performance, promotions, and the issuance of a PIPs. Narrowing discovery only to the Project fails to properly capture who Defendant compared to Plaintiff, and, without this discovery, Plaintiff cannot ascertain whether she was treated worse than those employees to which Defendant compared her. Therefore, Plaintiff respectfully requests that Defendant expands its search for comparator information to Plaintiff's region and produce all responsive documents.

## II.   Plaintiff Moves for an Extension of Time for the Close of Fact Discovery

Plaintiff requests an extension of time for the conclusion of fact discovery deadline, including depositions, from November 28, 2023, to February 9, 2024. Along with the disputes described above, this extension is necessary because Defendant's admission that it failed to produce full and complete copies of highly relevant documents in its production – documents often cutting off mid-page or mid-sentence. Defendant advised this was caused by a "server migration issue" with its ESI. During the meet and confer, Defendant stated it believed these documents to be incurably destroyed but will continue to search for these documents.[4] Because of this issue, Plaintiff must reschedule her remaining depositions until after Defendant supplements its production. Defendant does not consent to this request and states it will only consent to an extension through December 31. This is Plaintiff's fourth request for an extension of these deadlines, and this extension would not impact on any other deadlines.

We thank the Court in advance for its consideration of this letter motion.

---

[4] We note that these documents are highly relevant to this case and include, *inter alia*, investigatory notes and/or communications related to Plaintiff's formal HR complaint of discrimination. If Defendant is unable to locate copies of these documents, she will have no other choice then to move for appropriate sanctions to cure Defendant's spoilation. Indeed, "[o]nce the duty to preserve attaches, any destruction of documents is, at a minimum, negligent." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (citing Keir v. UnumProvident Corp., No. 02 Civ. 8781 (DLC), 2003 U.S. Dist. LEXIS 14522 (S.D.N.Y. Aug. 22, 2003) (criticizing defendant for loss of e-mails even though loss occurred "through the fault of no one")).

22-CV-04420 (JGK)(GWG)

Sincerely,

Travis Pierre-Louis

Because of the outstanding document discovery issues as discussed at the conference held today, an extension of the fact discovery period is warranted.  All fact discovery shall be initiated in time to be completed no later than February 9, 2024.  Any letter to Judge Koeltl seeking permission to make a motion for summary judgment shall be filed by February 23, 2024. The provisions of Docket ## 17 and 24 otherwise remain in effect.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

December 4, 2023